[No. 41390.    Department One.    April 2, 1970.]

DUANE BAKER, *Respondent,* v. MICHAEL J. O'LEARY *et al.,* *Appellants.**

*Short, Cressman & Cable,* by *Phillip Offenbacker,* for appellants.

*Culp, Dwyer, Guterson & Grader, William L. Dwyer,* and *Kenneth W. Sharaga,* for respondent.

PER CURIAM.—In this action, plaintiff alleges the existence of two oral contracts 'and seeks damages for their breach. Michael J. O'Leary and Duane Baker separately had engaged in the construction contracting business for several years prior to the time they became associated in a number of construction projects for about 'a year beginning in September, 1965. This lawsuit is an outgrowth of that business relationship.

Plaintiff Baker's complaint states two claims against defendants Mr. and Mrs. O'Leary and O'Leary Construction, Inc. a Washington corporation. The first claim alleges an oral agreement between the parties providing that Baker would superintend and direct the work on 13 construction jobs of O'Leary and O'Leary Construction, Inc. For this work Baker was to receive 40 per cent of the net profits after the deduction of all costs and overhead, including salaries to both Baker and O'Leary. O'Leary on the other hand, because of his capital investment, was to receive 60 per cent of the net profits. Baker presented evidence showing that profits amounted to $42,142 and were retained solely by O'Leary and the corporation. Baker's second claim is that O'Leary agreed to sell him a 40 per cent interest

*Reported in 467 P.2d 291.

in the business. This agreement was apparently conditioned upon a substantial financial contribution by Baker.

The case was tried to a jury which returned a verdict for Baker on the first claim (the alleged oral employment or joint venture agreement), and awarded damages of $16,857. On the second claim the jury found there had been an oral agreement for Baker to acquire a 40 per cent interest in the business, but apparently also found Baker had not made the necessary payment to the O'Learys to buy into the business and no damages were awarded.

The O'Learys and the corporation have appealed, assigning error to the judgment of the trial court regarding the first claim set out in Baker's complaint. No error is assigned relative to the second claim.

Three arguments are made in support of appellants' single assignment of error: (1) the evidence was insufficient to substantiate an oral agreement allowing Baker a 40 per cent share in the net profits; (2) the oral agreement for Baker to purchase an interest in the business superseded or rescinded the oral agreement for him to have a 40 per cent share in the net profits for his participation in the 13 construction projects; and (3) the two verdicts of the jury were logically incompatible and thus should be set aside.

From our examination of the record, we have concluded that the evidence was sufficient to support the verdict of the jury; namely, that the parties did enter into an oral agreement entitling Baker to a 40 per cent share in the net profits on the 13 construction jobs. This 40 per cent share of the profits totalled $16,857, assessed as damages by the jury on plaintiff's first claim. We are further convinced that the two oral agreements were separable and compatible. Had Baker fully performed the second contract by making the required contribution, the first contract would have become superfluous. However, Baker did not make the financial investment. Consequently he is entitled to recover under the first contract. Since there was not full performance of the still executory second contract, the finding by the jury that the second contract *existed* does not not affect the right to recover damages under the first contract.

The foregoing disposes of appellants' assignment of error regarding Baker's first claim. No error is assigned regarding the jury verdict and the judgment on Baker's second claim.

The trial court is affirmed.